UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Leif Anderson,
    Petitioner

    v.                                      Case No. 12-cv-115-SM
                                              Opinion No. 2012 DNH 067
United States of America,
    Government

**O R D E R**

Petitioner seeks reconsideration of the denial of his motion for the appointment of counsel to represent him in pursuing relief under the provisions of 28 U.S.C. § 2255. Although not appointed by the court, legal counsel has apparently drafted a memorandum in support of the petition, and counsel suggests that the issues raised are both substantive and complex. He also represents that government counsel agrees that the appointment of counsel to assist petitioner is warranted in this case.

There is, of course, no Constitutional right to counsel in federal habeas corpus. See McCleskey v. Zant, 499 U.S. 467 (1991). And, it is a "rare section 2255 case in which the appointment of counsel is warranted," United States v. Mala, 7 F.3d 1058, 1064 (1st Cir. 1993). Such rare cases usually present factually complex and legally intricate claims, involve largely undeveloped facts, and assert either facially plausible claims of

ineffective assistance of counsel, or constitutional claims that are likely to succeed on the merits. Given those, and similar, circumstances, counsel may be appointed to represent an indigent § 2255 petitioner upon a finding that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

In this case, petitioner claims, essentially, that he pled guilty to an offense (failure to register as a sex offender) that he did not commit, because, as a matter of law, he was not required to register, given the nature of his predicate sex offense. He says that his defense counsel should have recognized that circumstance and properly advised him, or moved to dismiss the indictment. Counsel's failure to advise him that he was not required to register or take steps to raise the issue, he says, deprived him of his right to the effective assistance of counsel. And, because he did not appreciate the fact that he was not required to register, his plea of guilty was improvidently entered, and was factually and legally unsupported.

There does not appear to be much factual complexity here; the legal claims are probably intricate as presented, but are fairly limited in scope; the likelihood of success on petitioner's statutory construction claim is doubtful but not plainly without merit; and the ineffective assistance of counsel

claims necessarily turn on the validity of petitioner's statutory construction claims.

All in all, whether counsel should be appointed here at taxpayer expense is a close question, but counsel makes a reasonable argument, and government counsel's agreement provides the necessary weight to tip the question in petitioner's favor. Accordingly, counsel will be appointed to represent petitioner in connection with his petition.

## Conclusion

The motion for reconsideration (document no. [6](#)) is granted. I find that the interests of justice require that petitioner, a financially eligible person, be provided with legal representation with respect to his petition for relief under the provisions of 28 U.S.C. § 2255.  Attorney Benjamin L. Falkner is appointed to represent petitioner, nunc pro tunc to February 20, 2012.

The government shall file an answer within thirty (30) days of this order.  Rule 5, Rules Governing Section 2255 Proceedings.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 6, 2012

cc: Leif Anderson, pro se
    Benjamin L. Falkner, Esq.
    Seth R. Aframe, AUSA