UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

<u>Leif Anderson</u>

     v.                                  Case No. 12-cv-115-SM
                                           Opinion No. 2013 DNH 068

<u>United States of America</u>

## O R D E R

Petitioner was convicted, based on his guilty plea, of one count of failing to register as a sex offender in violation of the Sex Offender Registration and Notification Act ("SORNA"). He was sentenced to twelve months and one day of incarceration followed by lifetime supervised release. Petitioner now seeks relief under the provisions of 28 U.S.C. § 2255.

## Standard of Review

Section 2255 provides relief "only when the petitioner has demonstrated that his sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." <u>Moreno-Moreno v. United States</u>, 334 F.3d 140, 148 (1st Cir. 2003) (internal quotation marks omitted). The fourth category "includes only assignments of error that reveal fundamental defects which, if uncorrected, will result in a complete miscarriage of justice, or

irregularities that are inconsistent with the rudimentary demands of fair procedure." Id.  A petition under § 2255 may be decided without a hearing "as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible."[1] United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993).

## Background

Petitioner was convicted in 1984 in California of one count of lewd or lascivious acts with a child under the age of fourteen in violation of California Penal Code § 288(a).  While in California, he registered as a sex offender.  He moved to New Hampshire in 2008 but failed to register as a sex offender.

A criminal complaint was filed against petitioner in this district on February 18, 2010, for failing to register as a sex offender, as required, in violation of SORNA, 18 U.S.C. § 2250(a), United States v. Anderson, 10-cr-56-SM (D.N.H. Feb. 18, 2010), and a grand jury later returned an indictment against petitioner on April 21, 2010, charging him with violating § 2250(a).

---

[1]  In this case, petitioner did not request a hearing.

Petitioner entered into a plea agreement, under the terms of which he pled guilty to the charge of knowingly failing to register as a sex offender.  Petitioner was sentenced on September 8, 2010, and judgment was entered the same day.

Petitioner appealed the supervised release portion of his criminal sentence.  He was represented by new counsel on appeal. On September 27, 2011, the court of appeals summarily affirmed the sentence imposed.  The Supreme Court denied defendant's petition for a writ of certiorari.

### Discussion

Petitioner contends that his conviction and sentence as a tier III offender who failed to register in violation of § 2250(a) must be vacated, because his guilty plea was neither knowingly nor voluntarily entered and because his trial and appellate counsel provided ineffective assistance.  In support, he argues that he was not guilty of violating § 2250(a) because his original California conviction, considered from a categorical perspective, and without reference to the underlying facts, did not qualify him as a "sex offender" as that term is used in SORNA and, in addition, he did not qualify as a tier III offender, as that term is used in SORNA.  As a result, he contends, he was not required to register as a sex offender in New Hampshire, should

3

not have pled guilty to an offense he did not commit, and, had he
been properly counseled, he would not have pled guilty.

Section 2250(a) makes it a crime for someone who is required
to register under SORNA to travel in interstate or foreign
commerce and knowingly fail to register or update a registration
that is required under SORNA.  SORNA's registration requirements
apply to "sex offender[s]," 42 U.S.C. § 16913(a), that is,
individuals "convicted of a sex offense," 42 U.S.C. § 16911(1).
A "sex offense" is defined in § 16911(5)(A)(ii) to include "a
criminal offense that is a specified offense against a minor."
Specified offenses against a minor include "criminal sexual
conduct involving a minor," § 16911(7)(H), and "any conduct that
by its nature is a sex offense against a minor," § 16911(7)(I).

Sex offenders are classified by the statute as tier I, tier
II, or tier III offenders, depending on the severity of the
underlying offense.  § 16911(2),(3) & (4); United States v.
Felts, 674 F.3d 599, 605 (6th Cir. 2012).  An offender's tier
classification determines the length of SORNA's registration
requirement.  42 U.S.C. § 16915(a).  Tier III offenders, who must
register for life, are those whose underlying offense is
punishable by more than one year of imprisonment and, among other
things, "is comparable to or more severe than . . . (i)

4

aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18); or (ii) abusive sexual contact (as described in section 2244 of Title 18) against a minor who has not attained the age of 13 years."  § 16911(4)(A).

As noted, petitioner pled guilty to and was convicted of violating California Penal Code § 288(a).  "[S]ection 288(a) is violated by 'any touching' of an underage child committed with the intent to sexually arouse either the defendant or the child." People v. Martinez, 903 P.2d 1037, 1041 (Cal. 1995).  Petitioner engaged in sexual intercourse with, and molested, at least one child who was ten years old.  Accordingly, he necessarily concedes that the underlying facts of his § 288(a) conviction easily meet the pertinent SORNA definitions, and support his federal conviction.

Petitioner contends, however, that viewing his predicate § 288(a) conviction from a categorical perspective (that is, considering the elements of a § 288(a) offense alone, without reference to the underlying facts), it is clear that the state conviction does not support his classification as a "sex offender" under SORNA.  He argues that the provisions of § 288(a), taken literally, broadly criminalizes mere "touching," such as rubbing a child's back, if the touching is accompanied by

a subjective sexual motive — conduct that does not constitute a "sex offense" as defined by § 16911(7)(H), which requires sexual conduct, not mere physical contact accompanied by impure motives. With respect to § 16911(7)(I), petitioner asserts, in a cursory manner, that the definition is unconstitutionally vague, but he does not suggest that the elements of § 288(a) do not meet that definition.  So, petitioner appears to concede that his conviction under § 288(a) would qualify as a sex offense under § 16911(7)(I).

Alternatively, petitioner argues that under a strict categorical approach, considering only the elements of § 288(a), the government could not prove that he was a tier III offender (which carries a lifetime registration requirement).  In support, he contends that the elements of § 288(a) cover actions that do not constitute sexual abuse or sexual conduct, as required under § 16911(4).  Absent the lifetime registration requirement imposed on tier III offenders, petitioner, again, would not have been required to register as a sex offender in New Hampshire, and so would not have violated § 2250(a) by failing to register.

The government counters that because petitioner did not raise the involuntary plea issue on direct appeal, he has procedurally defaulted the issue for purposes of § 2255.  The

government asserts that petitioner cannot avoid his procedural default nor can he establish ineffective assistance of counsel under the applicable legal standard.  Petitioner replies that the procedural default rule should not be given effect in the circumstances of his case.

A.   Procedural Default

"In order to pass constitutional muster, a guilty plea must be both knowing and voluntary." United States v. Jiminez, 498 F.3d 82, 85 (1st Cir. 2007).  "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." Bousley v. United States, 523 U.S. 614, 621 (1998); Oakes v. United States, 400 F.3d 92, 95-96 (1st Cir. 2005).  Therefore, a petitioner seeking review under § 2255 has procedurally defaulted his claim if he fails to first seek direct review, and a procedurally defaulted claim may be considered for habeas relief "only if the [petitioner] can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'"[2] Bousley, 523 U.S. at 622 (internal citations omitted).

_____

[2]   Petitioner does not appear to argue that he is actually innocent.  To the extent he may have intended to make that argument based on his interpretation of SORNA and a strict categorical approach to his conviction under § 288(a), that claim has not been proven.

1.  <u>Exceptions</u>

The procedural default rule will not apply, however, when "the claim could not be presented without further factual development."  <u>Id</u>. at 621.  One example of a claim that would require further factual development within the meaning of the procedural default exception is a claim that the guilty plea was coerced by prosecutors.  <u>Id</u>. at 621-22.  Another familiar example would be a claim of ineffective assistance of counsel.  <u>See</u> <u>United States v. Neto</u>, 659 F.3d 194, 203 (1st Cir. 2011).

Petitioner did not present his improvident guilty plea claim on appeal.  And he does not now suggest that his claim falls within a recognized exception to the procedural default rule, i.e., for claims that require further factual development.  He argues instead, without citation to supporting authority, that he did not default the claim because he was misinformed by his lawyer and pleaded guilty based on that misinformation.

Petitioner's improvident guilty plea claim is a fairly common one — like many others that have been found to be procedurally defaulted.  In most cases involving a procedural default of a guilty plea challenge, the petitioner asserts that his plea was involuntary because he did not understand the charges against him, his defenses, or the potential sentence, due

8

generally to alleged errors by trial counsel.  See, e.g.,
Bousley, 523 U.S. at 606; Thien Ha v. United States, 2012 WL
603122, at *2 (D. Mass. Feb. 24, 2012); Patterson v. United
States, 2012 WL 2377436, at *4 (D. Mass. June 25, 2012); Butler
v. United States, 2010 WL 4905492, at *2-*3 (D.N.H. Nov. 23,
2010); Brown v. United States, 2010 WL 2817182, at *3 (D. Mass.
July 15, 2010).  Those claims, as challenges, are routinely
deemed to fall into the procedural default category, though an
ineffective assistance claim, is, of course, treated differently.
Therefore, petitioner has not shown that his improvident guilty
plea claim, as such, is excepted from the procedural default
rule.


    2.  <u>Application</u>

    To avoid the bar of procedural default, petitioner must show
"both (1) 'cause' for having procedurally defaulted his claim;
and (2) 'actual prejudice' resulting from the alleged error," or,
alternatively, actual innocence.  Bucci v. United States, 622
F.3d 18, 27 & n.6 (1st Cir. 2011) (internal quotation marks
omitted).


    Cause may be shown if the procedural default itself was the
result of ineffective assistance of counsel.  Id. at 29.  When
ineffective assistance is asserted as cause for a procedural

default, the petitioner must meet the ineffective assistance standard articulated in Strickland v. Washington, 466 U.S. 668 (1984).  Bucci, 662 F.3d at 29.  And, prejudice sufficient to avoid a procedural default, is the prejudice that meets Strickland's requirement for ineffective assistance of counsel. Id.

Therefore, petitioner's ineffective assistance of counsel claim is addressed in the context of a proffered excuse for a procedural default.

B.   Ineffective Assistance of Counsel

Petitioner asserts that his trial counsel was ineffective because she failed to recognize that, under the circumstances, the indictment did not properly charge an offense, and because she erroneously counseled him to plead guilty to that charge.  He asserts that appellate counsel was also ineffective, because he failed to challenge the providency of his guilty plea on appeal. To succeed on an ineffective assistance of counsel claim, petitioner "must demonstrate both: (1) that 'counsel's performance was deficient,' meaning that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment'; and (2) 'that the deficient performance prejudiced the defense.'"  United

10

States v. Valerio, 676 F.3d 237, 246 (1st Cir. 2012) (quoting Strickland, 466 U.S. at 687).

    1.   Deficient Performance

Review of "counsel's performance [is] highly deferential." Strickland, 466 U.S. at 689.  For that reason, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id.  The inquiry is an objective one, assessing the reasonableness of counsel's performance based on the "'prevailing professional norms'" at the time.  United States v. Rodriguez, 675 F.3d 48, 56 (1st Cir. 2012) (quoting Strickland, 466 U.S. at 689).  Therefore, counsel's performance will be deemed ineffective "only where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it."  Valerio, 676 F.3d at 246 (internal quotation marks omitted).

Petitioner's ineffective assistance claim is based upon his assertion that he was not a "sex offender" within the meaning of SORNA, or, if he was a sex offender, that he was not a tier III offender, and his legal counsel should have recognized as much. Petitioner does not dispute that the facts underlying his California conviction plainly establish that he is indeed a tier

11

III sex offender, and that he violated § 2250(a).  He contends, rather, that the proper legal analysis requires a limited, categorical assessment of the state statute, paying no heed to the facts underlying his predicate conviction, and that under such a scheme, the elements of § 288(a) simply do not describe a sex offense under SORNA.  Alternatively, he says, even if the SORNA sex offender definition is met, § 288(a)'s elements do not establish that he is a tier III offender.

Petitioner insists that his trial counsel should have understood that, based on the strict categorical approach theory, the indictment did not adequately allege an offense under SORNA and, so, counsel should not have advised him to plead guilty.  He also argues that appellate counsel should have raised the providency of his guilty plea as an issue on direct appeal, on those same grounds.

Petitioner's strict categorical approach theory is borrowed from cases that address federal sentencing enhancements based upon prior convictions.  See, e.g., Sykes v. United States, 131 S. Ct. 2267, 2272 (2011); United States v. Ramirez, 708 F.3d 295, 300 (1st Cir. 2013).  Under the categorical approach, when determining the nature of a prior, usually state, conviction, a court considers "the elements of the offense as delineated in the

statute of conviction (as judicially glossed) and the standard
charging language . . . [but] eschew[s] consideration of the
offender's particular conduct." United States v. Jonas, 689 F.3d
83, 88 (1st Cir. 2012).  But, when the statute governing the
predicate offense describes several generic crimes, all of which
do not fall within the required classification, a "modified
categorical approach" enables courts to consider the trial record
from the prior conviction to determine just which statutory
provision served as the basis for the conviction.  Johnson v.
United States, 559 U.S. 133, 130 S. Ct. 1265, 1273 (2010).

    The categorical approach used to determine sentencing
enhancements based on classifying predicate offenses is a two-
step process.  First, the court identifies the offense of
conviction.  United States v. Davis, 676 F.3d 3, 8 (1st Cir.
2012).  Then, if the offense of conviction is divisible — meaning
that the statute includes multiple offenses, some of which do not
meet the particular sentencing classification requirements — the
"court must examine certain approved documents to determine the
offense of which the defendant was actually convicted."  Id.

    Petitioner cites to no precedent or other authority
suggesting that a strict categorical approach should preclude
consideration of facts pertaining to his California conviction

13

for SORNA purposes.  Indeed, he acknowledges that in at least one appellate decision, <u>United States v. Dodge</u>, 597 F.3d 1347, 1354-55 (11th Cir. 2010), the court held that in cases like this one a noncategorical approach should be used.

Petitioner relies exclusively on descriptions of SORNA offenses provided in "The National Guidelines for Sex Offender Registration and Notification," published on July 2, 2008, by the Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking in the Department of Justice. Specifically, the petitioner points to an explanation provided there for SORNA § 111(7)(H) (42 U.S.C. § 16911(7)(H)).[3] Petitioner has not shown, however, that his trial or appellate counsel were, or should have been, aware of the Department of Justice's guidelines, nor that they are controlling in some way. The guidelines, therefore, are not particularly weighty in assessing the performance of trial and appellate counsel.

For purposes of <u>sentencing</u> under SORNA, courts have used a modified categorical or non-categorical approach when classifying prior convictions, an approach that permits consideration of some

---

[3]  The government also notes that § 16911(7)(H) is not the only applicable SORNA section for purposes of defining a sex offense, so that even if the guidelines description were applicable, its explanation would not be determinative.

underlying facts about a defendant's predicate conviction, rather than a strict categorical approach that looks only to the elements of the statute, which may be inconclusive. See United States v. Butler, 682 F.3d 1210, 1213 (9th Cir. 2012) (citing United States v. Byun, 539 F.3d 982, 990-94 (9th Cir. 2008)); United States v. Taylor, 644 F.3d 573, 576-77 (7th Cir. 2011); Dodge, 597 F.3d at 1354-55.  In the context of challenges to the sufficiency of an indictment under SORNA, however, courts have generally concluded that consideration of the underlying facts of the predicate offense may well be necessary when determining whether the conviction qualifies as a "sex offense" under § 16911(5)(C) and § 16911(7).  See United States v. Quan Tu, 2012 WL 5603631, at *5 (D. Or. Nov. 15, 2012); United States v. Piper, 2012 WL 4757696, at *4 (D. Vt. Oct. 5, 2012); United States v. Brown, 2012 WL 604185, at *4 (W.D. Pa. Feb. 24, 2012).  Courts have not adopted petitioner's theory that a strict categorical approach necessarily applies when determining whether an underlying conviction was or was not a "sex offense" under SORNA, and there is no reason to fault his trial or appellate counsel for not urging such a weak theory and thereby risk the benefit of his plea agreement.

Petitioner disagrees, asserting that trial counsel was ineffective because she did not argue, or even consider, the

strict categorical approach as a defense to the charge.  In
support, petitioner submits the affidavit of his trial counsel,
Jessica Brown.  Brown states that "[t]o the best of [her]
memory," she had determined that petitioner was a tier III sex
offender for purposes of SORNA because of the facts underlying
his California conviction.  Brown also states that it did not
occur to her that the charged SORNA violation would be based on
anything other than the facts of petitioner's conduct in the
underlying conviction, that she did no research to determine
whether a SORNA violation could be based on the underlying
conduct, or whether the statutory elements of the underlying
crime were, alone, determinative, and did not review the
statutory elements of petitioner's predicate California
conviction.

Despite Brown's affidavit, the record discloses that during
the change of plea hearing the issue of how to assess
petitioner's California conviction for purposes of the SORNA
charge was discussed briefly.  Assistant United States Attorney
Huftalen made both a legal proffer about the crime charged under
§ 2250(a) and a factual proffer with respect to what the
government would prove beyond a reasonable doubt if the case were
tried.  The following exchange occurred during the factual
proffer:

16

[Mr. Huftalen:]  Based upon the facts of that
California conviction, the defendant is classified
federally as a tier III sex offender, and as such, is
required to register for life and report into the local
law enforcement agency where he's registered every
three months.

The facts of the underlying conviction, which Ms.
Brown and I disagree about as to whether or not they
would have to be proven or could be proven at the
trial, are not necessary for your determination today,
but he is a tier III sex offender and was convicted of
an offense - -

THE COURT: I guess I'm not really following that.
He has a predicate conviction that requires his
registration?

MR. HUFTALEN: Yes.

THE COURT: There's no dispute about that?

MR. HUFTALEN:  No dispute.  Ms. Brown's position
is if we were to go to trial I should not be allowed to
bring in the facts of that underlying conviction.  My
position is in order to prove that he had to register
for life I would have to prove it, but nonetheless, the
facts of the underlying case, if it were to go to trial
and if it were admitted, would show that he penetrated
a child under the age of 13 for sexual gratification.[4]

United States v. Anderson, 10-cr-56-SM, Transcript of Change of

Plea Hearing, Doc. no. 29, at *8-*9.  Even if petitioner could

show that trial counsel was obligated to consider and assert the

strict categorical theory he now advances, it appears that at the

---

[4]  To the extent petitioner argues that the government's
factual proffer was insufficient, he does not develop the
argument to support his ineffective assistance of counsel claim.
See Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260
(1st Cir. 1999).

time of his plea colloquy, petitioner's trial counsel was at
least aware of a possible argument for a strict categorical
approach, and may have made the argument to the government, but
for understandable reasons did not pursue it following the plea
negotiations.

Petitioner has not shown that the representation provided by
either his trial counsel or his appellate counsel was
constitutionally deficient.  Despite apparently being aware of a
potential categorical approach argument with respect to
determining petitioner's sex offender status, trial counsel
instead advised petitioner to plead guilty under the terms of the
negotiated plea agreement.  Given the absence of legal support
for a strict categorical approach under these circumstances, and
the unlikelihood that such an argument would succeed, petitioner
has not shown that trial counsel's advice was so unreasonable
that no competent attorney would have proceeded in that manner.
In fact, contrary advice by trial counsel would likely have
provided a more plausible basis upon which to claim ineffective
assistance.  Similarly, petitioner has not shown that appellate
counsel acted unreasonably in choosing not to raise that issue on
appeal, given its apparent lack of merit, lack of support in the
case law, and given that petitioner was not likely to prevail on
the claim.

18

2.   <u>Prejudice</u>

When a petitioner has pleaded guilty, to show prejudice for purposes of a claim of ineffective assistance of trial counsel, he must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). To show prejudice due to ineffective assistance by appellate counsel, petitioner must show that "there is a reasonable probability that but for counsel's unprofessional errors, he would have prevailed" on a claim that his guilty plea was involuntary. <u>Ramirez-Burgos v. United States</u>, 313 F.3d 23, 28 (1st Cir. 2002). Because petitioner has not shown that the representation provided by his trial or appellate counsel was deficient, it is not necessary to consider the prejudice prong.

But, even so, petitioner has not demonstrated prejudice. Although petitioner asserts in a conclusory manner that he would not have pleaded guilty "had he been given the correct advice by trial counsel, and where his plea would have been reversed on direct appeal," he provides no developed argument to support his claim. In particular, petitioner does not address the likelihood of success on his involuntary plea theory, and relevant precedent seemingly rejects a strict categorical approach when assessing

19

predicate convictions for purposes of SORNA registration requirements.

Because petitioner pleaded guilty, his offense level under the Sentencing Guidelines was reduced by three points.  That three point reduction put him in a sentencing range of twelve to eighteen months, and he was sentenced to twelve months and one day of imprisonment.  Absent that reduction, the recommended guideline range would have been twenty-one to twenty-seven months of imprisonment.  Petitioner's brief does not weigh the risks of not pleading guilty against the minimal likelihood of success on his categorical approach theory.  So, given the lack of merit of his current theory, and the likelihood that had he considered it at the time of his plea and been well-advised, he still would have pled guilty and not risked trial, he cannot show prejudice.

C.   Summary

Because petitioner has not shown cause for his procedural default, he is not entitled to relief under § 2255 on the claim of an involuntary guilty plea.  Petitioner also failed to show that his conviction and sentence should be set aside due to ineffective assistance provided by his trial or appellate counsel.

D.  Certificate of Appealability

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1).  "A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right."

If the petition was denied on the merits of its constitutional claims, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 485 (2000).  When the district court denies a petition for habeas relief on procedural grounds alone, "the petitioner seeking a COA must show both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Gonzalez v. Thaler, 132 S. Ct. 641, 548 (2012) (internal quotation marks omitted).

In this case, petitioner's claim that his guilty plea was involuntary, uninformed, and improvident is denied because petitioner procedurally defaulted the claim and has failed to

21

show the cause and prejudice necessary to overcome that default. His claim of ineffective assistance of counsel is denied on the merits.

Petitioner's claim that his guilty plea was not providently entered lacks merit based on the applicable precedent and the merits, and it appears unlikely that reasonable jurists would find the petitioner's procedural default argument debatable.  It also seems unlikely that reasonable jurists would find the denial of his ineffective assistance of counsel claim debatable or erroneous.  Therefore, there appear to be no grounds warranting issuance of a certificate of appealability.  Petitioner is, however, entitled to seek such a certificate from the Court of Appeals.

## Conclusion

The petition is denied.  The court declines to issue a certificate of appealability, but petitioner may seek a certificate from the Court of Appeals under Federal Rule of Appellate Procedure 2.  See Rule 11, Federal Rules Section 2255 Proceedings.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 1, 2013

cc:  Seth R. Aframe, AUSA
     Benjamin L. Falkner, Esq.

23